```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**LEVI LLOYD HARVEY,**
                  **Plaintiff,**

        v.                  CASE NO.  11-3136-SAC

**CHARLTON D. LAWHORN,**
**et al.,**

                  **Defendants.**

**O R D E R**

       This civil rights complaint, 42 U.S.C. § 1983, was filed pro se by plaintiff while he was an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas.  On September 9, 2011, the court entered an order after having screened the complaint, in which it discussed deficiencies it had found and required plaintiff to submit, within thirty days, an initial partial filing fee of $8.50.  In addition, plaintiff was ordered to file a response to the screening order that included a clear list of any defendants not already named in the caption, a showing that prison administrative remedies had been exhausted on each of his claims, and a showing of cause as to why this action should not be dismissed for the reasons stated in the screening order.

       Plaintiff has since submitted two motions for appointment of counsel (Docs. 4 & 7), his motion to proceed without prepayment of fees upon forms (Doc. 5), and two documents entitled "Jury Trial

Demanded Complaint for Money Damages and Injunction" (Docs. 6 & 8). The first is a two-page "complaint" with 161 pages of exhibits. Having considered all materials filed herein, the court finds that plaintiff failed to comply with the orders of the court within the time prescribed in that he failed to submit the assessed initial partial filing fee or clearly object to its imposition, failed to show that administrative remedies were fully and properly exhausted on each of his claims prior to his filing this lawsuit, and failed to show cause why this action should not be dismissed for reasons stated in the screening order dated September 9, 2011, including failure to state a federal constitutional claim.

In its screening order the court, with great difficulty, liberally construed plaintiff's claims as including (1) denial of adequate medical treatment for a hernia, (2) violation of medical restrictions, (3) denial of adequate treatment for MRSA, which was diagnosed and successfully treated as a skin condition, delay in making group therapy available, and challenges to disciplinary actions and classification decisions. The court found that neither of the two named defendants was alleged to have personally participated in any unconstitutional acts. The court also found it apparent from allegations in the complaint that Mr. Harvey had not fully and properly exhausted administrative remedies prior to filing this action. He was given time to show that he properly followed the three-step process for exhaustion on each of his claims. The

court also discussed why plaintiff's allegations of malpractice, ineligibility for work release, custody classification changes, and challenges to disciplinary actions failed to state a claim. The court further noted that plaintiff had improperly joined some unrelated claims.

Plaintiff's two "Complaints" for Money Damages and Injunction do nothing more than list many additional defendants, incorrectly state that they all acted "under color of federal" as well as state law, and indicate that they were generally "responsible for adequate" medical or mental health care or for the supervision of care providers or for administrative and "management duties." Nor are these documents properly amended, complete complaints. Whether these filings are treated as amendments or responses to the court's order, Mr. Harvey fails therein to adequately address the deficiencies found in his original complaint. Supervisory officials may not be held liable for the acts of individual correctional officers or medical staff simply based upon their supervisory capacity or their having affirmed the denial of a grievance. Plaintiff does not describe acts or omissions taken by each named defendant, provide the date and location of those acts, and explain how they amounted to a violation of his federal constitutional rights in light of the court's discussion of their shortcomings.

Plaintiff's exhibits confirm that he received medical

attention for his hernia and his skin condition.  Some are simply irrelevant to his claims, and he still fails to explain the significance of any particular exhibit.  Neither his pleadings nor his exhibits establish either that he fully exhausted all his claims before he filed this lawsuit, or that his federal constitutional rights were violated.

The court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(a),(b) and  28 U.S.C. 1915(e)(2)(b) for the reasons stated in this order and in its Memorandum and Order of September 9, 2011.  The court further finds that it qualifies as a strike under 28 U.S.C. § 1915(g).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 5) is provisionally granted for the sole purpose of dismissing this action, and that his Motions to Appoint Counsel (Docs. 4 & 7) are denied as moot.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge